UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELIJAH LEE HAWTHORNE, III                   CIVIL ACTION

VERSUS                                       NO:     08-5119

C. O. TROY DRAGO                             SECTION: "F" (4)

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit Proposed Findings and Recommendations for disposition pursuant to **Title 28 U.S.C. § 636(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.

### I.  Factual and Procedural Background

The Plaintiff, Elijah Lee Hawthorne ("Hawthorne"), filed a Complaint *pro se* and *in forma pauperis* pursuant to Title 42 U.S.C. § 1983 claiming that defendant, Troy Drago ("Drago"), a correctional officer ("C.O.") at Tangipahoa Parish Jail, violently shoved him down on the floor of a shower, injuring his lower back. Further, as he was getting off of the floor, Hawthorne contends that Drago grabbed him and tried to wrestle him back onto the floor. As a result, Hawthorne alleges that he was forced to hit Drago twice and place him in a submission hold until other correctional officers arrived on the scene. As a result of the above, Hawthorne seeks monetary damages and seeks to have Drago disciplined for his actions.

The Complaint was filed on November 4, 2008.[1] However, Drago was not served within 120 days as required by Fed.R.Civ.P. 4(m). Two attempts were made to serve Drago, and both summonses were returned as unexecuted with the notation that the subject is not longer employed at the Tangipahoa Parish Jail and that another address is needed in order to perfect service. (Rec. Doc. Nos. 9 and 10).

Because Hawthorne failed to serve Drago within the 120 days as required by the Federal Rules, this Court issued Orders directing Hawthorne to show cause why his claims against Drago should not be dismissed for failure to comply with the mandates of Fed. R. Civ. P. 4(m). (*See* Rec. Docs. 19 and 25). In response, Hawthorne represents that he does not have Drago's home address and it was his belief "that the Court would fine [sic] the defendant Troy Drago and service him at his home address." (*See* Rec. Docs. 23 and 26).

When a plaintiff, such as Hawthorne, is proceeding *in forma pauperis*, the Court is obliged to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendant, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the Court the defendant named in the complaint. *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir.1996). However, it is the plaintiff's responsibility to provide a proper address to serve the defendant. *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir.), *cert. denied*, 510 U.S. 875 (1993); *see also Herbert v. Roark,* No. 05-74754-DT, 2006 WL 1284695, *1 (E.D. Mich. May 9, 2006) ("[i]n a Section 1983 action, it is the inmate's responsibility to provide the proper addresses of the defendants for service").

---

[1] Rec. Doc. 1. In the *pro se* prisoner context, the date when prison officials receive the complaint for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995); *see also Thompson v. Raspberry*, 993 F.2d 513, 515 (5th Cir. 1993) (*pro se* prisoner's objection to a report and recommendation deemed filed when given to prison officials for mailing). In this case, Hawthorne signed his Complaint on November 4, 2008. This is the earliest date on which he could have delivered the Complaint to prison officials for mailing.

Hawthorne has not provided the Court with an address where service can be effectuated upon the Defendant, Troy Drago. Hawthorne, as the person filing suit, bears the responsibility of providing this basic information to the Court, and his status as a *pro se* prisoner does not excuse him from this responsibility. Hawthorne has failed to demonstrate good cause for failing to serve Defendant Drago.

## II. Recommendation

Accordingly,

It is hereby **RECOMMENDED** that Elijah Hawthorne's Complaint against the Defendant, Troy Drago, be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Fed.R.Civ.P. 4(m).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 20th day of April, 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**